

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

**BARBARA D. UNDERWOOD**
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

Telephone (518) 776-2015

August 5, 2022

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:  *Sibley v. Watches*, 21-1986

Dear Ms. Wolfe:

    I represent defendant-appellee in the above case, in which plaintiff filed a bill of costs dated July 27, 2022. Please accept this letter as defendant's objection.

    By order dated July 20, 2022, this Court vacated the judgment of the district court and remanded the case to the district court to consider whether an intervening decision of the Supreme Court and subsequent changes to New York law have any impact on resolution of plaintiff's suit. Because this Court's decision was based solely on a change in law and did not find in favor of either party, there is no justification for the Court to award costs. Plaintiff's request should be denied.

    Plaintiff's complaint alleges that New York's firearms licensing scheme violates his constitutional rights. The district court dismissed his suit for lack of standing and failure to state a claim upon which relief could be granted. Following oral argument in this appeal, the Supreme Court decided *New York State Rifle & Pistol Association, Inc. v. Bruen*, No. 20-843, 2022 WL 2251305 (June 23, 2022). *Bruen* invalidated a provision of New York's law requiring an applicant to demonstrate "proper cause" to obtain a carry license. In response, the New York legislature enacted a revised licensing scheme on July 1, 2022, which clarifies the definition of "good moral character" under the statute and adds several new requirements to an application for a carry license. Ch. 371, 2022 N.Y. Laws.

This Court vacated the district court's judgment and remanded the case to the district court "to consider in the first instance the impact, if any, of *Bruen* on Sibley's claims." *Sibley v. Watches*, No. 21-1986, 2022 WL 2824268, at *1. The Court further stated that it "express[ed] no view as to that issue or any other issue that may arise before the District Court as a result of this remand." *Id.* And in a footnote, the Court suggested that "one issue that may arise before the District Court on remand is whether recent amendments to New York's gun-licensing scheme that were enacted in response to *Bruen* and will become effective on September 1, 2022 render this case moot." *Id.* at *1 n.1.

Plaintiff filed a timely bill of costs seeking $212.11 in the Court of Appeals and $505 in the District Court in connection with this appeal.

Costs should not be awarded to plaintiff because this Court did not resolve any issues in the case in his favor. When the Court vacates a district court's decision, Federal Rule of Appellate Procedure 39(a)(4) "requir[es] the appellate court to make a determination about which party, if any, should bear costs before costs may be taxed." *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 29 (2d Cir. 2010). The degree of success on appeal is a valid consideration in determining whether costs will be allowed. *Kuzma v. U.S. Postal Service,* 725 F.2d 16, 17 (2d Cir. 1984). Once this Court deems a party entitled to collect costs under Rule 39(a)(4), that party is treated like a prevailing party under Rule 39(e). *See id.*

Here, plaintiff has not obtained any degree of success on appeal. This Court vacated the district court decision and remanded on the sole basis of intervening changes in law. And this Court expressed no view on the merits of plaintiff's arguments or on whether the intervening changes in law would impact resolution of the case. Because neither party prevailed in this appeal, costs should not be awarded.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Alexandria Twinem
Alexandria Twinem
Assistant Solicitor General

cc: Montgomery Blair Sibley
Plaintiff-Appellant
P.O. Box 341
Odessa, New York 14869

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                                ) ss:
COUNTY OF ALBANY  )

_Kenneth Krueger_, being duly sworn, deposes and says:

I am over eighteen years of age and an employee in the office of LETITIA JAMES, Attorney General of the State of New York, attorney for Respondent(s) herein.

On the 5th day of August, 2022, I served a copy of the annexed **Letter** upon the individual named below by depositing a true copy thereof, properly enclosed in a sealed, postpaid wrapper, in a letter box of the Capitol Station Post Office in the City of Albany, New York, a depository under the exclusive care and custody of the United States Post Office Department, directed to the said individual at the address within the State and respectively designated by him for that purpose as follows:

Montgomery Blair Sibley
Plaintiff-Appellant
P.O. Box 341
Odessa, New York 14869

Sworn to before me this
5th day of August, 2022.

_____
NOTARY PUBLIC

CRISTAL R. GAZELONE
Notary Public, State of New York
Reg. No. 01GA6259001
Qualified in Rensselaer County
Commission Expires April 2, 2024