

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

Telephone (518) 776-2015

January 23, 2023

Catherine O'Hagan Wolfe (via ECF)
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Sibley v. Watches*, No. 21-1986

Dear Ms. Wolfe:

I write in response to plaintiff-appellant's January 12 motion to recall the mandate issued in the above-captioned case and to consolidate this case with *Antonyuk v. Hochul*, No. 22-2908. (ECF No. 114.) Defendant-Appellee Watches opposes the motion.[1] The district court's reasonable act of judicial management—staying Mr. Sibley's case pending this Court's decision in *Antonyuk*—does not warrant recalling the mandate in this case, and there would be no basis to consolidate Mr. Sibley's appeal with *Antonyuk* in any case.

## FACTUAL AND PROCEDURAL HISTORY

This case concerns the denial of a firearm application to Mr. Sibley in 2020 based on the licensing officer's determination that Sibley lacked the requisite "good moral character" to possess and carry a firearm.

---

[1] Mr. Sibley additionally requests that this Court rule on his pending bill of costs. Defendant-Appellee Watches does not oppose this Court ruling on that pending bill, but respectfully directs the court to his previous filing detailing why imposing costs is unwarranted in this case. (*See* ECF No. 107.)

On July 20, 2022, this Court issued a summary order vacating the district court's dismissal of Mr. Sibley's complaint and remanding the case to the district court to consider in the first instance the effect, if any, of the Supreme Court's intervening decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (ECF No. 99-1.) This Court expressed no view on the impact of *Bruen*, and further noted that the district court would likely also be required to consider whether Mr. Sibley's case was rendered moot by New York's recently enacted Concealed Carry Improvement Act (CCIA). (ECF No. 99-1, at 4 & n.1.)

The CCIA went into effect on September 1, 2022. The law made several changes to New York's firearm licensing scheme, including: (1) adding a clarifying definition to the term "good moral character" in the statute, N.Y. Penal Law § 400.00(1)(b); (2) adding additional requirements to apply for a concealed carry license, including sitting for an in-person interview and successfully completing an 18-hour training course, *id.* § 400.00(1)(o); and (3) prohibiting the concealed carrying of firearms in certain sensitive places and on private property absent express permission from the property owner, *id.* §§ 265.01-D, 265.01-E.

On September 20, 2022, a group of individuals brought suit in the District Court for the Northern District of New York seeking to enjoin enforcement of nearly all of the CCIA's provisions. *See Antonyuk v. Hochul*, No. 22-cv-986 (N.D.N.Y. 2022). On October 6, 2022, the district court granted in part plaintiffs' request in that case for a temporary restraining order (TRO), including limiting the meaning of "good moral character" required to obtain a license and enjoining licensing officers from requiring in-person interviews and several other pieces of information required by statute. *See* Opinion and Order at 50-51, *Antonyuk v. Hochul*, No. 22-cv-986 (N.D.N.Y. 2022), ECF No. 27. The TRO was stayed by the district court for three days pending appeal, *id.* at 49-50, and this Court granted an interim stay of the TRO on October 12, 2022, *Antonyuk v. Hochul*, No. 22-2379, ECF No. 39.

On November 7, 2022, the district court in *Antonyuk* granted in part plaintiffs' motion for a preliminary injunction. Opinion and Order, No. 22-cv-986 (N.D.N.Y. 2022), ECF No. 78. The district court enjoined enforcement of the CCIA's good moral character provision and several other licensing requirements, among other portions of the CCIA. *Id.* at 182-83. The district court did not stay its decision for any duration pending appeal. On November 9, State Defendants appealed the decision, and on November 12, they moved for a stay pending appeal. *Antonyuk v. Hochul*, No. 22-2908 (2d Cir. 2022), ECF Nos. 1, 18. A temporary stay was granted on November 15. *Antonyuk v. Hochul*, No. 22-2908 (2d Cir. 2022), ECF No. 31.

Meanwhile, on remand in this matter, Mr. Sibley filed a Fifth Amended Complaint in the district court on September 29, 2022. *Sibley v. Watches*, 19-cv-6517 (W.D.N.Y. 2022), ECF No. 100. Mr. Sibley moved for a temporary restraining order, which the court denied. *Sibley v. Watches*, 19-cv-6517 (W.D.N.Y. 2022), ECF Nos. 106,

115. On December 13, 2022, the district court stayed further proceedings pending this Court's decision in *Antonyuk v. Hochul*, recognizing that an opinion of this Court would guide the court in ruling on several issues in Mr. Sibley's case. *Sibley v. Watches*, 19-cv-6517 (W.D.N.Y. 2022), ECF Nos. 121, 123.

## ARGUMENT

### I. There is no justification for recalling the mandate.

While this Court possesses inherent power to recall a mandate, "this power must be exercised sparingly and only in exceptional circumstances." *United States v. Redd*, 735 F.3d 88, 90 (2d Cir. 2013) (cleaned up) (citations omitted). Recalling the mandate is an option of last resort, "held in reserve against grave, unforeseen contingencies." *Id.* (citation omitted). Judicial restraint in recalling a mandate is justified by the need to preserve finality in judicial proceedings. *Id.*

Here, no exceptional circumstances exist to justify recalling the mandate. Following this Court's decision remanding the case to the district court, the district court reasonably stayed proceedings in light of the uncertainty caused by ongoing litigation—including multiple injunctions and subsequent stays of those injunctions—arising from the CCIA. And because *Antonyuk v. Hochul* involves New York's definition of the term "good moral character" codified by the CCIA, this Court's opinion in *Antonyuk* will likely provide valuable clarity to the district court when considering Mr. Sibley's claim that the term "good moral character" is unconstitutionally vague. The district court's reasonable management of its own docket falls far short of constituting an exceptional circumstance warranting a recall of the mandate issued in this case.

Because no exceptional circumstances exist to warrant recalling the mandate, Mr. Sibley's motion should be denied.

### II. Sibley's case should not be consolidated with *Antonyuk v. Hochul.*

Because this Court should not recall the mandate in Mr. Sibley's case, it need not consider whether that appeal would have been properly joined with *Antonyuk v. Hochul*. In any event, consolidation would be unwarranted.

In assessing whether consolidation of an appeal is appropriate, this Court considers "both equity and judicial economy." *Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions." *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993).

3

Here, Mr. Sibley has not met his burden of demonstrating common factual or legal issues. Nor could he. Mr. Sibley's appeal concerns a challenge to the individualized decision made by a licensing officer on his license application under the licensing scheme in effect at the time, i.e., before the CCIA's enactment. The appeal in *Antonyuk* concerns a facial constitutional challenge to provisions of the CCIA, a law that did not exist when Mr. Sibley's application was considered. And Mr. Sibley's primary legal challenge—that New York's prior "good moral character" requirement was unconstitutionally vague—is not raised in *Antonyuk*. Because the two suits do not challenge the same law, rely on the same legal theories, or concern the same factual bases, consolidation would be inappropriate and provide no judicial economy. That is all the more so given that the appellants in *Antonyuk* have already filed their opening brief and oral argument is scheduled for March to allow this Court to rule on an expedited basis.

In sum, there is no legal basis to warrant joining an appeal in Mr. Sibley's case with the pending appeal in *Antonyuk*.

I thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Alexandria Twinem
Alexandria Twinem
Assistant Solicitor General

cc: Montgomery Blair Sibley
Plaintiff-Appellant
189 Chemung Street
Corning, New York 14830

4

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss:
COUNTY OF ALBANY )

___Anthony Milazzo___, being duly sworn, deposes and says:

I am over eighteen years of age and an employee in the office of LETITIA JAMES, Attorney General of the State of New York, attorney for Defendant-Appellee herein.

On the 23rd day of January, 2023, I served a copy of the annexed **Letter in Response to Motion** upon the party named below by email and by depositing a true copy thereof, properly enclosed in a sealed, postpaid wrapper, in a letter box of the Capitol Station Post Office in the City of Albany, New York, a depository under the exclusive care and custody of the United States Post Office Department, directed to the said party at the address within the State and respectively designated by said party for that purpose as follows:

Montgomery Blair Sibley
189 Chemung Street
Corning, New York 14830

Sworn to before me this
23rd day of January, 2023.

_____
NOTARY PUBLIC

KENNETH KRUEGER
Notary Public, State of New York
Reg. No. 01KR6271239
Qualified in Albany County
Commission Expires October 29, 2024